■ HERALD TOWERS LLC, Appellant, v SUN LORD INTERNATIONAL, INC., et al., Respondents. [756 NYS2d 169] —Order, Appellate Term of the Supreme Court, First Judicial Department, entered June 12, 2002, which, to the extent appealed from, affirmed an order of Civil Court, New York County (Laurie Lau, J.), dated September 30, 2001, insofar as it denied petitioner landlord's cross motion for summary judgment in this nonprimary residence holdover proceeding, unanimously affirmed, without costs.

While it is true that the nominal tenant of the subject apartment is a corporate entity not entitled to a rent-stabilized renewal lease, respondent Moid alleges that the corporate tenancy was a fiction insisted upon by petitioner's predecessor, and that the actual contemplated tenants of the apartment pursuant to the lease providing that "[t]he Apartment shall be occupied only by Tenant and the *immediate family* of Tenant, for living purposes only" (emphasis added), were, in fact, Moid himself and his immediate family. Inasmuch as the record provides evidentiary support for Moid's position, including checks written by Moid personally over the course of some 20 years and accepted by petitioner as rent for the subject apartment, and the apartment, since the initial 1981 lease between petitioner and the corporate respondent, has evidently had no other actual tenants but Moid and his family, summary judg-

ment, awarding petitioner possession of the apartment on non-primary residence grounds simply because the nominal tenant of record for the apartment is a corporation, was properly denied (*cf. Avon Bard Co. v Aquarian Found.*, 260 AD2d 207, 211, *appeal dismissed* 93 NY2d 998). Indeed, it is significant that respondent's name on the landlord's prior nonpayment petition was specified as Qazi Moid doing business as Sun Lord International, indicating petitioner's recognition of the individual tenant's occupancy of the subject apartment. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.